MANSFIELD, Judge,
concurring.
I believe that, when taken together, the warnings given to applicant substantially complied with the requirements set forth in Estelle v. Smith, 451 U.S. 454, 101 S.Ct. 1866, 68 L.Ed.2d 359 (1981). I note specifically applicant was told he had the right to remain silent, he could stop the examination at any time and he could talk to his attorney (which he had done). Furthermore, he was informed the examination would cover three areas, competency, sanity and dangerousness, and “dangerousness” meant whether or not he represented a continuing threat to society. Finally, he was told that anything he might say could be used against him or could be used for him at some later date in the courtroom.
It is my opinion that the intent of Estelle v. Smith is that an individual facing a psychiatric examination ordered by the court, be given the functional equivalent of the warnings that must be provided to an individual in custody before interrogation may commence. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct., 1602, 16 L.Ed.2d 694 (1966). The Supreme Court has held that warnings do not have to be a verbatim recital of the relevant part of Miranda in order to comply with its dictates; equivalent words are sufficient so long as they make clear to the individual his rights thereunder. California v. Prysock, 453 U.S. 355, 101 S.Ct. 2806, 69 L.Ed.2d 696 (1981). In other words, substantial compliance — not specific wording — is all that is necessary for a given set of warnings to comply with Miranda.
Similarly, I do not find anything in Estelle v. Smith that mandates the use of specific words in warnings that must be given to an individual facing a court-ordered psychiatric examination regarding future dangerousness. Estelle v. Smith requires he be told he has a right to remain silent, to consult an attorney, and he may terminate the examination at any time. Furthermore, he must be told that anything he says may be used for or against *193 him at trial and that the examination will cover, among other matters, the issue of future dangerousness. The warnings given to applicant by the two psychiatrists, though perhaps not ideal, do substantially comply with these requirements mandated by Estelle v. Smith.
I join the opinion of the Court.